# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 09-87 (DWF/AJB)

        Plaintiff,

                                            **MEMORANDUM**
v.                                                          **OPINION AND ORDER**

Daniel Ernest Petersen,

        Defendant.

---

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Daniel Ernest Petersen, *Pro Se*, Defendant.

---

## INTRODUCTION

The matter before the Court is whether Defendant has made a valid waiver of his right to counsel. For the reasons stated below, the Court concludes that Defendant may proceed to trial *pro se* with the previously-appointed stand-by counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Daniel Ernest Petersen has been indicted on six counts of filing a false lien or encumbrance against a federal judge in violation of 18 U.S.C. §§ 2, 1521. (Doc. No. 1.) Magistrate Judge Arthur J. Boylan appointed stand-by counsel. (Doc. No. 6.) The United States moved to have a *Faretta* hearing conducted. (Doc. No. 20.) This Court struck the existing trial date of August 10, 2009, and set a date of August 19, 2009, for the *Faretta* hearing. (Doc. No. 28.)

At that hearing, Defendant reiterated that he wanted to represent himself.  This

Court concluded the hearing by stating that it would leave the previously-appointed

standby counsel in place but would reserve the right either to retain the standby counsel,

or to appoint counsel should the Court conclude that the record does not reflect a knowing

and voluntary waiver of the right to counsel.  (Doc. No. 41, at 88-89.)

## DISCUSSION

### I.      Constitutional Right of Self-Representation

The Sixth Amendment guarantees a criminal defendant the right to counsel.  U.S.

Const. amend. VI.  Although a defendant may waive his right to counsel, any such waiver

must be "knowing, voluntary, and intelligent." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004).

An intelligent waiver occurs "when the defendant 'knows what he is doing and his choice

is made with eyes open.'" *Id.* at 88.  The Supreme Court has not, "however, prescribed

any formula or script to be read to a defendant who states that he elects to proceed

without counsel." *Id.*  Rather,

> [t]he information a defendant must possess in order to make an intelligent
> election . . . will depend on a range of case-specific factors, including the
> defendant's education or sophistication, the complex or easily-grasped
> nature of the charge, and the state of the proceeding.

*Id.*

With respect to the waiver of counsel for trial, a defendant may proceed *pro se*

only if he is "warned specifically of the hazards ahead." *Id.* at 88-89.

> "Although a defendant need not himself have the skill and experience of a
> lawyer in order competently and intelligently to choose self-representation,
> he should be made aware of the dangers and disadvantages of

self-representation, so that the record will establish that he knows what he is doing."

*Id.* (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)).  A court must

"rigorous[ly]" convey "[w]arnings of the pitfalls of proceeding to trial without counsel,"

because at trial,

> "counsel is required to help even the most gifted layman adhere to the rules of procedure and evidence, comprehend the subtleties of voir dire, examine and cross-examine witnesses effectively . . ., object to improper prosecution questions, and much more."

*Id.* at 89 (quoting *Patterson v. Illinois*, 487 U.S. 285, 298 (1988)).

But recognizing that the Supreme Court has taken a "pragmatic approach" to this

issue, the Eighth Circuit has ruled that "a specific warning on the record of the dangers

and disadvantages of self-representation is not an absolute necessity in every case if the

record shows that the defendant had [the] required knowledge from other sources."

*Meyer v. Sargent*, 854 F.2d 1110, 1114 (8ᵗʰ Cir. 1988).  Nevertheless, the specific warning

approach–a "relatively short and simple colloquy on the record"–is the preferred method.

(*Id.* at 1115.)  More recently, the Eighth Circuit succinctly stated the standard that a

waiver is valid

> if the trial court specifically informed the defendant of the dangers and disadvantages of self-representation, or if the entire record evidences the defendant knew and understood the disadvantages.

*United States v. Armstrong*, 554 F.3d 1159, 1165 (8ᵗʰ Cir. 2009).

## II.     Petersen's Waiver of His Right to Trial Counsel is Valid

At the *Faretta* hearing, Petersen reiterated his consistently-articulated wish to represent himself.[1]  This Court conducted an extended colloquy with Petersen, noting the various pitfalls of such self-representation, particularly at the trial stage.  (Doc. No. 41.) The Court notes that Petersen was persistently evasive at the *Faretta* hearing, however, launching into other issues when this Court cautioned him about the numerous pitfalls of self-representation during a criminal trial.  For example, Petersen began by reiterating his objection to jurisdiction.  (Doc. No. 41 at 15-16.)  He then proceeded onto other purported defects in this prosecution, including his opposition to standby counsel.  (*Id.* at 15-21.)

This Court took that opportunity to return the focus of the hearing to the *Faretta* issue.  (*Id.* at 21-22.)  Petersen responded simply by stating that "there is no reason for any trial" and again asserted various objections to this action.  (*Id.* at 22-23.)  The Court again returned to the issue of self-representation.  (*Id.* at 24-26.)  But instead of directly answering this Court's question as to whether he wanted legal representation, Petersen reasserted his argument that all federal judges have an impermissible interest in the outcome of this action.  (*Id.* at 26.)

Similarly, when this Court was discussing the *Faretta* issue with the Assistant United States Attorney prosecuting this matter, Petersen interrupted purportedly to "help clarify this" issue, but then promptly digressed into his theory that public defenders

---

[1]     Petersen has stated his desire to proceed *pro se* not only in proceedings before Magistrate Judge Boylan here in Minnesota but also in earlier proceedings in the District of Colorado where he was arrested and detained.  (*See* Doc. Nos. 2 & 5.)

necessarily lacked independence because Section 3006A(g) of the criminal code provides,

according to Petersen, that "once you work for the federal Government, you can't work

for anybody else." (*Id.* at 58-59.) The Court again tried to steer the discussion back to

the disadvantages a criminal defendant usually faces in representing himself. (*Id.* at

60-64.) While Petersen acknowledged he understood the Sixth Amendment, he quickly

used that provision to segue into issues of an impartial jury and a speedy trial. (*Id.* at 64.)

When the Court then asked Petersen if he wanted a lawyer to stand by to assist on

a particular issue, Petersen–yet again–did not directly answer the question, but rather

stated his position that he lives only "under the common law," not under "statutes, codes

or anything that are not properly enacted by Congress." (*Id.* at 65.) And when this Court

attempted to clarify that Petersen wanted to waive his right to any counsel, he stated: "I

do not waive any of my rights. But, I will take effective assistance of counsel." (*Id.* at

66.) He then questioned whether any appointed counsel could in fact be "effective"

before promptly returning to his ex post facto argument. (*Id.*) The Court understands

Petersen thereby to have expressed (1) his position that he does not want to waive his

right to represent himself and (2) his belief–clearly erroneous–that any

government-appointed attorney could not be sufficiently independent of the government

so as to be able to provide him with a zealous, competent, and independent defense.

The Court then clarified with the previously-appointed counsel the precise nature

of his stand-by representation here. (*Id.* at 70-72.) Defendant then interjected with his

argument that the Court was "putting the cart before the horse" because jurisdiction "is

the first issue." (*Id.* at 72. *Accord id.* at 82.) He explained that the issue of whether he could represent himself at trial was academic because this action "will be dismissed" based on his arguments with respect to "ex post facto law[s]" and "the Speedy Trial Act." (*Id.* at 80.) This Court attempted a final clarification of Petersen's position on his right to self-representation. (*Id.* at 84 ("You have to tell me what your view is , Mr. Petersen, before we adjourn.").) Petersen only stated that he would not "give up any of [his] rights 1 through 10" and then stated that "[w]ell, I guess we are at a stalemate" based on his misunderstanding that American attorneys hold English titles of nobility because of their common use of the term "Esquire." (*Id.* at 85.) Petersen did conclude, however, by clearly stating that he would "not take a counsel." (*Id.* at 86.)

The Court also notes that Petersen's ability to represent himself to date is demonstrated by his numerous *pro se* pre-trial filings, in which he has raised various issues such as jurisdiction, his right to a speedy trial and the Ex Post Facto Clause. (Doc. Nos. 27, 30-31, 34-37.) Petersen thus demonstrated an ability to articulate arguments, marshal authorities, and file written submissions. In fact, Petersen devoted the bulk of his comments at the *Faretta* hearing not to any argument directly asserting his ability to represent himself, but rather to a demonstration of that ability by arguing those numerous issues. Although this Court concluded that none of Petersen's arguments had merit, there is, of course, no requirement that Petersen, in order to represent himself, must demonstrate a level of competence by prevailing on any pre-trial motions to dismiss.

Accordingly, this Court will continue to permit Petersen to exercise his constitutional right to represent himself subject to the existing appointment of stand-by counsel. The Court notes that in accordance with Petersen's wishes, stand-by counsel shall be present in the courtroom but shall not be seated at counsel table with Defendant. Furthermore, stand-by counsel shall not actively participate in Petersen's defense unless and until Petersen affirmatively seeks such assistance.

## CONCLUSION

Defendant's election to proceed *pro se*, although ill-advised in this Court's opinion, is knowing, voluntary, and intelligent.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Defendant may proceed to trial *pro se* with the previously–appointed stand-by counsel.


Dated: October 13, 2009                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge