## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 09-87 (DWF/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Daniel Ernest Petersen, | |
| Defendant. | |

---

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Daniel Ernest Petersen, *Pro Se*, Defendant.

---

## INTRODUCTION

The matter before the Court is whether Defendant has made a valid waiver of his right to a trial by jury. For the reasons stated below, the Court concludes that while Defendant has expressed his choice of a bench trial, the government has not agreed to any waiver of a jury trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Daniel Ernest Petersen has been indicted on six counts of filing a false lien or encumbrance against a federal judge in violation of 18 U.S.C. §§ 2, 1521. (Doc. No. 1.) This Court held a pretrial hearing October 13, 2009. (Doc. No. 48.) At that hearing, Defendant reiterated his demand to represent himself and also stated that he wanted a bench, rather than a jury, trial.

**DISCUSSION**

The Sixth Amendment guarantees a criminal defendant the right to trial "by an impartial jury." U.S. Const. amend. VI. But a defendant may waive his right to trial by jury, as long as any such waiver is express and intelligent. *United States v. Mahler*, 141 F.3d 811, 814 (8th Cir. 1998) (quoting *Patton v. United States*, 281 U.S. 276, 312 (1930)).

At the pretrial hearing, Petersen consistently maintained that he wanted his case to be tried to the bench, not to a jury, but apparently conditioned that requested waiver on his purported appointment of this Judge as his "trustee," explaining his understanding that the Constitution is a "trust," that citizens such as himself are "beneficiaries" of that trust, and that this Judge, as his trustee, would thus be required to protect his interests. The Court conducted an extended colloquy with Petersen in order to discern Petersen's understanding–or misunderstanding–of the legal relationships in a federal criminal prosecution between the U.S. Government, a defendant, and the Court.

Although there is no dispute that Petersen does not want a jury trial, this Court clarifies that it is not Petersen's trustee as understood in the law of trusts. Generally, a "trust" is "a fiduciary relationship with respect to property" under which one holding title to property is subject "to duties to deal with it for the benefit" of another, and a "trustee" owes such a beneficiary certain fiduciary duties with respect to the trust property. *See* 1 *Restatement (Third) of Trusts* §§ 2, 3 (2003) (defining "trustee" as "[t]he person who holds property in trust" for the benefit of the beneficiary). But this Court is under no obligation to serve as any comparable sort of fiduciary for the benefit of a criminal

defendant in opposition to the Government's interests and, of course, a criminal defendant lacks the right or authority to unilaterally impose any such obligation on a federal judge.

Nonetheless, this Court notes that it is duty bound to administer justice in a fair and impartial manner to all parties equally–in short, to serve as a neutral arbiter between the opposing parties. *See* 28 U.S.C. § 453. Thus, while a federal judge may not serve as the trustee for any particular litigant or criminal defendant in the sense of pursuing or protecting that party's interests in opposition to those of its adversary, this Court will of course conduct a fair and unbiased trial in accordance with Petersen's legal rights and consistent with this Judge's oath of office. (Ex. A.)

But the issue of waiver is moot, as the Government has not consented to a bench trial. (Doc. No. 50.) Here, even if Petersen validly waived his right to a jury trial, "the trial must be by jury unless" the "Government consents." Fed. R. Crim. P. 23(a).

## CONCLUSION

Petersen shall be tried before a jury.

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government not having consented to a bench trial, Defendant shall proceed to trial by jury.

Dated: October 16, 2009         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge